## S96Y1606. IN THE MATTER OF WILLIAM M. McNULTY, SR.

(472 SE2d 428)

PER CURIAM.

Prior to findings of probable cause and the issuance of formal complaints, McNulty filed a petition for voluntary surrender of his license seeking resolution of four State Bar disciplinary cases pending against him. Three of the cases concern grievances filed by former clients. The fourth case concerns an Audit for Cause proceeding initiated by the State Disciplinary Board pursuant to State Bar Rule 4-111.

In the first case, McNulty was retained to represent a family in pursuing claims for damages arising from an automobile collision. In January 1996, the client called McNulty's office and was told that the claims had been settled and that the family would receive a total of $2,460. McNulty actually settled the claims in March 1995, for $7,250. McNulty gave the client a check drawn on his escrow account which did not have sufficient funds to honor the check. Subsequently, McNulty gave the client a cashier's check for $4,850.25 representing the family's total share of the settlement proceeds. McNulty admits that his conduct constitutes a violation of Standard 63 of Bar Rule 4-102 (failure to account for funds held in a fiduciary capacity).

In the second case, McNulty was retained to represent a client in a claim for injuries sustained in an automobile collision. The written contract between the parties provided that McNulty would retain one-third of any recovery, pay the client's medical bills out of the remaining two-thirds, and pay the remainder to the client. On September 8, 1995, McNulty settled the client's claim for $7,775.61. McNulty did not promptly give the client an accounting of the settlement proceeds or pay the client's outstanding medical bills. In January 1996, McNulty gave the client a check for $2,000 out of his escrow account. The escrow account did not have sufficient funds to honor the check. Ultimately, McNulty provided the client with cashier's checks totaling $3,000. McNulty admits that his conduct constitutes a violation of Standard 63 of Bar Rule 4-102.

In the third case, McNulty was retained to represent a client in pursuing claims for injuries sustained in a construction accident. In July 1994, McNulty settled the client's claims for $162,000. McNulty paid the client $20,000, but failed to provide the client with the total settlement proceeds and has failed to pay medical bills as agreed. McNulty admits that his conduct constitutes a violation of Standard 63 of Bar Rule 4-102.

The fourth case concerns an Audit for Cause proceeding initiated by the State Disciplinary Board. Prior to a hearing, McNulty agreed to voluntarily produce certain documents to the Office of General Counsel in lieu of an Audit for Cause. McNulty failed to produce all of the documents at the specified time. McNulty admits that his conduct in failing to produce the documents is in violation of Standard

65.5 of Bar Rule 4-102 (failure to submit to an Audit for Cause).

The State Bar recommended the review panel accept McNulty's petition for voluntary surrender of his license. The review panel recommends that this Court accept McNulty's petition. We have reviewed the record and accept and adopt the recommendation of the review panel. It is ordered that William M. McNulty be allowed to surrender his license to practice law.

William M. McNulty is reminded of his duties under Bar Rule 4-219 to give timely notification to his clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of that rule.

*Voluntary surrender of license accepted. All the Justices concur.*

DECIDED JULY 15, 1996.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.
*James E. Spence, Jr.,* for McNulty.